UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL JOSEPH FOLSE | * | CIVIL ACTION NO. 2:16-cv-15635 |
| | * | |
| VS. | * | |
| | * | SECTION "F" (1) |
| ACE AMERICAN INSURANCE | * | |
| COMPANY, CEDRIC D. JACKSON, | * | JUDGE: FELDMAN |
| UNITED RENTALS NORTH AMERICA, | * | |
| INC., AND PROGRESSIVE CASUALTY | * | MAG: VAN MEERVELD |
| INSURANCE COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS, ACE AMERICAN INSURANCE COMPANY AND
UNITED RENTALS (NORTH AMERICA), INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

**MAY IT PLEASE THIS HONORABLE COURT:**

Ace American Insurance Company and United Rentals North America, Inc., (hereafter, collectively referred to as "Defendants"), respectfully submit this memorandum to point out pertinent facts and applicable law that demonstrate why Plaintiff's Motion to Remand should be denied.

**I. BRIEF BACKGROUND OF PERTINENT FACTS**

Plaintiff, an alleged domiciliary of Orleans Parish, filed suit in Civil District Court for the Parish of Orleans ("CDC") to seek recovery for damages allegedly arising from a September 4, 2015 motor vehicle incident that occurred in Jefferson Parish. Plaintiff claims Defendant, United Rentals North America, Inc., a foreign corporation, is vicariously liable for

1

the actions of its employee, Cedric Jackson, an alleged domiciliary of Prairieville, Louisiana, who was driving a United Rentals' vehicle involved in the subject incident. See, Rec. Doc. 1-6, Paragraphs I(2), VII(a) and VII(b).[1] Invoking protections afforded by the Louisiana Direct Action Statute, Plaintiff also sued Ace American Insurance Company, a foreign insurer, and the insurer of United Rentals' vehicle involved in the incident.[2]

After filing suit in CDC, Plaintiff also filed a duplicate lawsuit in the Twenty Fourth Judicial District Court for the Parish of Jefferson.[3] Jefferson Parish is where the underlying incident occurred, and along with St Charles Parish and East Baton Rouge Parish, is a proper venue to litigate this case.[4] Defendants contend that CDC is not a proper venue and expressly reserved their rights to argue same in their Notice of Removal of Civil Action (Rec. Doc. 1), if this Court orders remand.

Defendants timely removed this matter, (Rec. Doc. 1) and, prior to Plaintiff filing his motion to remand, Defendants filed an Answer with Affirmative Defenses and Request for Jury

---

[1] Notably, Plaintiff asserts no allegation that Jackson owed a duty of care to Plaintiff beyond that which was owed by his employer, or that there was any personal fault of Jackson. In fact, Plaintiff's allegations are to the contrary and more specifically set forth in Paragraph VII(b) of the Petition for Damages: "United Rentals is liable for all conduct of Defendant, Cedric Jackson, at issue in this litigation pursuant to Louisiana's doctrine of vicarious liability and/or *respondeat superior*. Rec.Doc. 1-6, Paragraph VII(b)

[2] Suit against, Ace American Insurance Company, a direct action defendant, is improper in CDC, since it is not the parish in which the underlying action occurred. Plaintiff also named as a defendant its uninsured/underinsured motorist carrier, Progressive Casualty Insurance Company ("Progressive"), a *foreign insurer*; however, Progressive was not served at time of removal and its status was not addressed in Plaintiff's motion to remand. As shown below, Progressive is a misjoined party, whose inclusion as a party is to manipulate the forum for litigation.

[3] Defendants did not remove the case from the Twenty Fourth Judicial District Court, because procedurally, a Declinatory Exception of Lis Pendens should be filed, since the CDC action removed to this court was the suit first filed. *La. C.C.P. art 925(A)(3)*.

[4] An action against a foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment is located … *La. C.C.P. art 42(4)*; An action against a foreign corporation An action against a foreign insurer shall be brought in the parish of East Baton Rouge. *La. C.C.P. art 42(7)*. See also, *La. C.C.P. art. 76,* validating Jefferson Parish, where the loss occurred, as a proper venue.

Trial. (Rec. Doc. 3).  Significantly, Defendants admit that at all times pertinent, Jackson was employed by and in the course and scope of his employment with United Rentals North America, Inc.  (Rec. Doc. 3, Paragraphs I(1) and (7a).

Plaintiff argues that naming Jackson, an alleged domiciliary of Louisiana, defeats removal and authorizes this Court to remand the case.  Plaintiff does not deny that at the time of removal, there was complete diversity amongst the named and served defendants, nor does Plaintiff claim the amount in controversy is not in excess of $75,000.  Further, Plaintiff's motion is silent with respect to his rationale for naming various defendants, including Jackson and Progressive, and conspicuously, Plaintiff does not explain why he filed two separate lawsuits in Louisiana state courts.  Defendants respectfully submit Jackson and Progressive were named in an attempt manipulate a favorable forum and to defeat diversity and they should be dropped from the lawsuit in accordance with *FRCP 21* and applicable jurisprudence.  As more fully explained below, Defendants submit the interests of justice, fairness and judicial economy in this specific case mandate denial of Plaintiff's motion to remand.

**II.   REMOVAL WAS PROPER, VALID AND IN COMPLIANCE WITH APPLICABLE LAW.**

Plaintiff's motion does not aver that Defendants cited authority is misplaced; Plaintiff's motion seeks only to distinguish the supporting jurisprudence cited in Defendants' Notice of Removal of Civil Action. The complete diversity requirement is based on the diversity statue, not Article III of the Constitution.  *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-531, 87 S. Ct. 1199, 1203-1204 (1967) (noting the Court in *Strawbridge v. Curtiss,* 3

Cranch 267, 2 L.Ed. 435 (1806) purported to construe only 'the words of congress, not the Constitution itself. And in a variety of contexts this Court and the lower courts have concluded that Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens.) (internal citations omitted) Defendants respectfully submit that the phrase "parties in interest" and "properly joined and served as defendants" are the salient terms which validate the removal of this action, as the properly joined and served defendants were completely diverse at all pertinent times, and other named parties are misjoined.[5]

### III. PLAINTIFF'S MISJOINDER OF DISPENSIBLE PARTIES

A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse

---

[5] Defendants respectfully point out Plaintiff references terms in his motion which are not interchangeable. *28 USC 1332* (a) references "original jurisdiction" of district courts. The paragraph references "*citizens*" but does not use the term "*defendant*." "*Parties*" are referenced only as "*additional parties*." There is no conjunction requiring (a) to be satisfied before applying paragraphs (b) or (c). Paragraph (b) references "*plaintiff*" because the onus is on the plaintiff seeking the original jurisdiction of the federal court to demonstrate the amount in controversy exceeds $75,000. Separately, Paragraph (c) specifies that "for purposes of this section and section 1441", which pertains to action by a *defendant*. *28 USC 1441* is the removal statute; removal of the captioned action was premised on *28 USC 1441(b)(2),* specifically. Notably, *28 USC 1441(b)(1)* addresses "*citizenship*" of defendants sued under fictitious names, in order to prevent fraudulent joinder of sham parties by plaintiffs seeking to invoke the court's original jurisdiction. However, the instant action does not involve sham parties and removal to this Court was based on the language of *28 USC 1441(b)(2),* which states "a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed **if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought**." Removal in this case was not "removable solely on the basis of jurisdiction under *1332(a)* of this title"; removal was on the basis of *28 USC 1332(c),* a separate and distinct provision of the diversity statute directed to actions of defendants seeking removal. Defendants further submit that since their enactment, *28 USC 1332* and *28 USC 1441* has been amended and edited on numerous occasions, most recently in the Federal Court Jurisdiction and Venue Clarification Act of 2011. Plaintiff cites no case to address the statutory language referenced above and refers the court to jurisprudence that does not specify the words currently written in the pertinent statutes.

4

In *Tomlinson v. St. Paul Fire & Marine Ins. Co*., No. 06-3273 (E.D., La., J. Feldman, 9/12/06), 2006 WL 2632105, *2, this Court noted, "[a] plaintiff may not join a defendant in a suit to defeat diversity jurisdiction unless the plaintiff has a viable claim against that defendant." *See, FRCP 21*. In determining whether state law might impose liability or whether a plaintiff has any possibility of recovery against the defendant whose joinder is questioned, the possibility must be reasonable and not merely theoretical. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*, 313 F. 3d 205, 212 (5th Cir. 2002) (internal citations and quotations omitted). In this case, Plaintiff is unable to establish that he has a realistic possibility of recovery from Jackson, an employee of United Rentals North America, Inc., who was alleged to be and admittedly in the course and scope of his employment at all times pertinent. (See, Paragraph VII (a) and (b) of Petition for Damages, Rec. Doc. 1-6 and Paragraphs I(1) and I(7) of Defendants' Answer. Rec Doc. 3) Plaintiff alleged the vicarious liability of Jackson's employer and Plaintiff cannot now recant his contention to oppose the diversity of the proper parties in interest.

Plaintiff is not the first litigant to name an employee as a defendant to attempt to circumvent diversity rules. Recently, in *Robinson v. Wal-Mart Stores, Inc.,* No. 15-6871 (E.D. La., J. Morgan, 4/19/16), Judge Morgan conducted an comprehensive analysis in denying the motion to remand and found, as this Court should, that the employee named by Plaintiff constituted an improper joinder for which dismissal was proper. *Robinson* directs a review of the plaintiff's allegations in the petition and determination of whether the allegations against the employee are sufficient to trigger personal liability. In this case, Plaintiff specifically avers in

Paragraph VII(b) "As a result, Defendant, **United Rentals, is liable for all conduct of Defendant, Cedric Jackson, at issue in this litigation** pursuant to Louisiana's doctrine of vicarious liability and/or *respondeat superior*." (emphasis added).  Accordingly, Plaintiff can not claim there is any independent conduct or personal liability of Jackson.  Applying a *Rule 12(b)(6)* inquiry and looking at the allegations of Plaintiff to determine whether he has stated a viable claim against Jackson under Louisiana law, this Court, as did Judge Morgan, should find that Plaintiff has not stated such a claim and cannot recover from Jackson under Louisiana law.[6] Defendant Jackson was improperly joined to defeat complete federal diversity jurisdiction and he must be dismissed from the action as a defendant.  *Robinson*, 2016 WL 1572078, at *4, *citing Butler v. La. State Univ. Health Sciences Ctr*. No. 12-cv-1838, 2012 WL 7784402, at *4 (W.D. La. Nov. 19, 2012) ("A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined."); *Hardy v. Ducote*, 246 F. Supp. 2d 509, 515-16 (W.D. La. 2003) (dismissing non-diverse defendants upon finding that they had been improperly joined). This Court's rationale in *Tomlinson*, supra and Robinson, supra. also was applied with similar results

---

[6] As this Court noted in *Causey v. State Farm*, No. 16-9660, fn.1 (E.D. La., J. Feldman 10/19/16) (applying the tenets of the fraudulent joinder doctrine and denying Plaintiff's motion to remand):

"In considering a *Rule 12(b)(6)* motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff."  See, *Thompson v.City of Waco, Texas*, 764 F. 3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. Ex rel. Keys*, 675 F. 3d 849, 854 (5th Cir. 2012) (en banc)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.")."

Regardless of the standard applied and probability analysis, this Court cannot overlook Plaintiff's specific allegations regarding United Rentals' alleged vicarious liability.

in removed cases involving defendants that were named to attempt to circumvent diversity.  See, *Giles v. Wal-mart, LLC*, No. 16-2413 (E.D. La. 5/13/16), 2016 WL 2825778 and *Clark v. CST Services, LLC*, No. 16-10421 (E.D.La., J. Barbier 11/04/16), 2016 WL 6563437 (granting 12(b)(6) Motion to Dismiss improperly named defendant party).  Most significantly, in this case is Plaintiff's affirmative, unqualified declaration that *United Rentals is liable for all conduct of Defendant, Cedric Jackson.*

Where a party is named solely to defeat diversity, they should be dismissed, diversity upheld and remand denied. See e.g., *Cochran v. State Farm Fire and Cas. Co*., No. 06-5637 (E.D. La., J. Feldman, 2/13/08), 2008 WL 417751; *Palumbo v. Bilstad*, No. 06-9990 (E.D. La., J. Feldman 2/27/07) 2007 WL 625823.   As the late Justice Scalia explained in his analysis in *Grupo Dataflux v. Atlas Global Group, L.P*., (5/17/04), 541 U.S. 567, 124 S. Ct. 1920:

> FRCP 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered. *Newman-Green, Inc. v. Alfonzo-Larrain*, 4909 U.S. 826, 832, 109 S.Ct. 2218, 104 L. Ed. 2d 893 (1989).  Indeed, the Court held in *Newman-Green* that courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party.  *Id*., at 837, 109 S. Ct. 2218.

In this case, Jackson is a dispensable party, since there is no reasonably practical way Plaintiff may recover from Jackson under the prevailing facts of this case.  Furthermore, Defendants respectfully submit that any judgment rendered in the absence of Jackson would not prejudice Plaintiff.  Premised on the allegations he asserted, Plaintiff cannot validly claim Jackson is a

necessary or proper party. Accordingly, pursuant to *FRCP 21*, this Court should drop Jackson as a party and dismiss him from this case.[7]

## IV.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Plaintiff's contention that Defendants have not adequately demonstrated the amount in controversy exceeds $75,000 is without merit. Notably, Plaintiff does not deny the amount in controversy does not exceed $75,000. Plaintiff does not withdraw allegations in his lawsuit that he sustained the following list of damages for which he seeks recovery: (a) past medical expenses, future medical expenses; past and future lost wages and loss of earning capacity; (d) past and future physical pain and suffering; (e) past and future mental anguish, distress and suffering; (f) loss of enjoyment of life; (g) loss of use and (h) other damage as my be proven at the trial of this matter. (Rec. Doc. 1-6, Paragraph XII) Defendants respectfully submit the claims of Plaintiff and applicable jurisprudence cited in its Notice of Removal of Civil Action demonstrate that it is facially apparent the amount in controversy is satisfied.

Further, Plaintiff admits that he would not execute a Stipulation as to Amount in Controversy and Waiver. (See, Rec. Doc. 1-9) In *Simpson v. Dollar Tree Stores, Inc*., No. 15-2107 (W.D. La. 9/21/15), Plaintiff's counsel, as here, refused to stipulate the amount in controversy did not exceed $75,000. The court noted that a plaintiff's refusal to stipulate may constitute evidence that the amount in controversy is in excess of the requisite amount." *See,*

---

[7] Progressive, a foreign insurer, and the alleged uninsured motorist carrier of Plaintiff, is diverse and does not assume Plaintiff's Louisiana citizenship. *Gonzalez v. Gov't Employees Ins. Group*, 2000 WL 235236, at *4 (E.D. La. 2/28/00). See also, *Crescent City Pediatrics v. Bankers Ins. Co*., 459 F. Supp. 2d 510, 513 (E.D. La., J. Vance, 10/27/06), citing *Medical Research Centers, Inc. v. St. Paul Property and Liability Ins*. 303 F. Supp. 2d 811, 813-814 (E.D. La. 2004).

*e.g., Lee v. Dillon*, 2012 WWl 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993).

Moreover, Plaintiff avers he is still undergoing treatment for injuries sustained in the September 4, 2015 accident and admits to having received a neurosurgical consult, in addition to having undergone the incurred medical expenses attached the Notice of Removal of a Civil Action (Rec. Doc. 1-15), for which Defendant cited ample precedent establishing damages could exceed $75,000 for the types of injuries claimed by Plaintiff. (Paragraph XIX of Rec. Doc. 1.) Defendants respectfully submit the foregoing demonstrates the amount in controversy is "facially apparent" from the pleadings and supported by the additional documentation referenced by Defendants. Moreover, and illustrative of the inconsistency of Plaintiff's claims is the affirmative allegation of Plaintiff in his Petition, "**Plaintiff's damages are believed to exceed the coverage that may be available under the policy of insurance of the tortfeasor, Defendant, Cedric Jackson, named herein**."[8] (Paragraph XI(b) of Rec. Doc. 1-6.)

Defendants respectfully submit the pleadings of Plaintiff, including his Petition for Damages (and his Motion to Remand) sufficiently demonstrate that it is "facially apparent" that the amount in controversy is "likely to exceed" the jurisdictional minimum. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F. 3d 720, citing *Simon v. Wal-Mart Stores, Inc.*,

---

[8] Plaintiff does not claim Jackson was without insurance and the minimum compulsory limits under Louisiana law is $15,000. This Court can take judicial notice that a commercial vehicle, owned by a national company and insured by a well-respected insurer, would more likely than not, have insurance limits beyond the minimum requirement, which, when coupled with the incurred medical expenses referenced in the Notice of Removal of Civil Action and damages claimed by Plaintiff, as well as the cited jurisprudence pertaining to soft tissue injuries demonstrate the jurisdictional limits are satisfied for removal of this action.

193 F. 3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil &^ Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995). *St. Paul Reinsurance Co v. Greenberg.*, 134 F. 3d 1250, 1253 (5th Cir. 1998). Moreover, though unnecessary, consideration of the admissions of Plaintiff in his Motion to Remand (Rec. Doc. 5-1) and the attached exhibits attached to Defendants' Notice of Removal of Civil Action (Rec. Doc. 1) demonstrate the requisite amount in controversy exists in this case. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 883 (5th Cir. 2000). Plaintiff cannot validly state the amount in controversy in this case is unlikely to exceed $75,000.

### V.     PLAINTIFF'S MOTION SHOULD BE DENIED.

As noted by the U.S. Supreme Court, there is a "social interest in the efficient administration of justice and the avoidance of multiple litigation." *IIIinois Brick Co.. v. Illinois*, 431 U.S. 720, 738, 97 S.Ct. 2061 (1977). Under the prevailing circumstances in this case, if this Court were to remand this matter, extensive pleadings would follow in state courts. Defendants are filing a Declinatory Exception of Lis Pendens in the action pending the Twenty Fourth Judicial District Court, because Plaintiff first filed suit in CDC, which action was removed to this Honorable Court. If the Declinatory Exception of Lis Pendens is granted, that action will be dismissed.

Separately, if the present action, which removed to this Court from CDC, is remanded, Defendants intend to raise the Declinatory Exception of Improper Venue and seek to have the matter transferred to one of the aforementioned courts of proper venue. *Rule 1 of the Federal Rules of Civil Procedure* sets forth the rules "should be construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every

action and proceeding", which includes removed actions such as this. *FRCP 81(c).*  This Court has denied remand in cases in which conduct undermines a defendant's right to invoke the Court's removal "jurisdiction and if permitted, would tax judicial resources unnecessarily, whether in this Court or in state court." *Shell Beach Literary Soc., Inc. v. Scottsdale Ins. Co*, Nos. 06-10451, 06-10452, 06-10453 (E.D. La., J. Feldman 8/3/07) 2007 WL 2264971.  Under the specific facts and circumstances of this particular case, Defendants respectfully submit to avoid the inevitable tax of judicial resources, Plaintiff's motion to remand should be denied.

## VI.    CONCLUSION

Defendants, Ace American Insurance Company and United Rentals (North America), Inc., respectfully aver their removal of this lawsuit to this Honorable Court was valid and in compliance with applicable law.  Plaintiff attempted to seek a favorable forum by naming parties which are misjoined and who, according to the controlling jurisprudential authorities should be dismissed.  Plaintiff can not demonstrate any viable grounds for remand and requests this Court rely upon antiquated and inapplicable authorities.  Defendants respectfully submit that the interests of justice and fairness to future litigants and to the named and served parties, the only necessary parties for an efficient and complete resolution of this case, require this Court to issue an order dismissing Jackson and Progressive from the case and denying Plaintiff's Motion to Remand.

Accordingly, for all of the above reasons, Defendants request this Honorable Court declare that Cedric Jackson and Progressive Casualty Insurance Company are improperly named parties, dismiss the claims against them and deny Plaintiff's Motion to Remand and issue an

Order in accordance therewith and terminate the potentially extensive proceedings that could otherwise result.

                                              Respectfully submitted,

                                              PERRIER & LACOSTE, LLC

                                              */s/ Jack C. Benjamin, Jr.*
                                              _____
                                              GUY D. PERRIER, #20323
                                              Email: gperrier@perrierlacoste.com
                                              JACK C. BENJAMIN, JR., #22735
                                              Email: jbenjamin@perrierlacoste.com
                                              One Canal Place
                                              365 Canal Street, Suite 2550
                                              New Orleans, Louisiana 70130
                                              Telephone:  (504) 212-8820
                                              Facsimile:  (504) 212-7285
                                              ATTORNEYS FOR ACE AMERICAN
                                              INSURANCE COMPANY AND UNITED
                                              RENTALS NORTH AMERICA, INC.,
                                              Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of November 2016, I electronically filed the foregoing Ace American Insurance Company and United Rentals North America, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed.  I further certify that I mailed by first-class mail and forwarded by facsimile transmission, by electronic mail and/or by hand delivery the foregoing Ace American Insurance Company and United Rentals North America, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand and the notice of electronic filing to any non-CM/ECF participant.

                                              */s/ Jack C. Benjamin, Jr.*
                                              _____
                                              JACK C. BENJAMIN, JR.

F:\Client Files\Active Files P&L\52029 - JCB\PLEADINGS\Memo in Opposition to Motion to Remand.doc