```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DANIEL JOSEPH FOLSE                                CIVIL ACTION

V.                                                 NO. 16-15635

ACE AMERICAN INSURANCE CO.,
UNITED RENTALS NORTH AMERICA, INC.,
CEDRIC JACKSON, AND PROGRESSIVE
CASUALTY INSURANCE COMPANY                         SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand the case to state court. For the following reasons, the motion is GRANTED.

**Background**

On September 1, 2016, the plaintiff filed a suit for damages in the Civil District Court for the Parish of Orleans. The lawsuit arose from a motor vehicle accident, which occurred on September 4, 2015 in Jefferson Parish, Louisiana. The plaintiff, Daniel Joseph Folse, and the defendant, Cedric D. Jackson, were the two respective drivers of the vehicles involved in the accident.

The original petition for damages filed in state court asserts that the plaintiff is domiciled in Orleans Parish, Louisiana. Additionally, the petition asserts that defendant Ace American Insurance is a foreign company licensed to do business in Louisiana,[1] United Rentals (North America) is a foreign corporation

---

[1] In the notice of removal, the record indicates that Ace American Insurance Company is domiciled in Pennsylvania and is incorporated in a state other than Louisiana.

1

whose principal place of business is in Baton Rouge, Louisiana,[2] and finally asserts that Cedric Jackson is domiciled in Louisiana and Progressive Casualty Insurance Company is a foreign company. The defendant asserts in the notice of removal that the plaintiff has not yet served process on Cedric Jackson and Progressive Casualty Insurance Company as of the time of filing.

The defendants filed a notice of removal in this Court. The defendants allege the removal is proper under 28 U.S.C. §§ 1332, 1441 (a) and (b) because there is complete diversity and the amount in controversy exceeds $75,000.

The plaintiff responded to the notice with a motion to remand, which the Court now considers. The defendants aver, in opposition, that Cedric Jackson was improperly joined in this matter as a ploy to obstruct federal court jurisdiction. According to the defendants, Jackson is not a proper defendant because in the plaintiff's original complaint the plaintiff stated that United Rentals, as Jackson's employer, is liable for all of Jackson's conduct at issue in this litigation under Louisiana' doctrine of vicarious liability and respondeat superior.

---

[2] In the notice of removal, the record indicates that United Rentals is incorporated and domiciled in Delaware and maintains its principal place of business in Connecticut.

The Court must first consider whether Jackson was properly joined in this action. If Jackson is a proper defendant, the Court will then consider the motion to remand on its merits.

I.

It is the removing party's burden to establish improper joinder, and the burden is a "heavy one." Lundquist v. J&J Exterminating, Inc., No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc)). The Fifth Circuit recognizes two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (en banc) (citing Travis v. Irby, 326 F.3d 644, 646–47 (5th Cir. 2003)). Here, there is no allegation of actual fraud. As such, "[t]he test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Rodrigue v. Continental Ins. Co., No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing Smallwood, 385 F.3d a 573).

"In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the

3

controlling state law in the plaintiff's favor." Rodrigue, 2014 WL 4999465, at *2 (citing Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995)). The Fifth Circuit articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id. Second, if the plaintiff has stated a claim, and as a result, survives a Rule 12(b)(6) challenge, but "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry." Id. "[A]lthough the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004). "The district court must also take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." Id.

II.

Jackson was an employee of United Rentals who allegedly caused the vehicle accident and was acting in the scope of his employment. Co-defendants, Ace American and United Rentals allege that the plaintiff does not have a claim under Louisiana law against Cedric Jackson. Therefore, the parties allege, Jackson was improperly joined to defeat federal jurisdiction. The defendants urge that Robinson v. Wal-Mart Stores, Inc. is instructive on this matter. Civil Action No. 15-6871, 2016 WL 1572078 (E.D. La. Apr. 19, 2016).

In Robinson, the court held that a plaintiff did not have a claim against the Wal-Mart store manager. Id. at *2. It reasoned that for a store manager or employee to be held liable for an injury to a third party, the manager or employee must breach an independent, personal duty to the third party, which caused the third party's injury. Id. The plaintiff in the case alleged three acts of negligence against the store manager: "(1) negligently training the employees to properly warn of hazardous conditions; (2) negligent supervision of the employees for which he maintained supervision and control; and (3) failing to provide safe passageways, aisles, and conditions which do not pose an unreasonable and foreseeable risk and hazard of injury to plaintiff." Id. at *3. Therefore, the plaintiff did not allege a personal, independent duty to store patrons, including the plaintiff. See id. "In Canter v. Koehring, the Louisiana Supreme Court identified four distinct criteria which must be satisfied

5

before an employee can be found liable to a third party for his or her injury:

> '(1) The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought;
> (2) The duty is delegated by the principal or employer to the defendant;
> (3)  The defendant . . . has breached his duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances. . .; and
> (4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.'"

<u>Id.</u> at *2-3 (citing <u>Canter v. Koehring</u>, 283 So. 2d 716, 721 (La. 1973).

In contrast, the plaintiff alleged breaches of personal duties against Jackson in the complaint filed in state court. Folse alleged that Jackson (1) failed to keep a proper lookout; (2) failed to steer his automobile properly, so as to avoid striking the plaintiff; and (3) failed to apply the brakes properly on the automobile so as to bring it to a stop before colliding with the plaintiff's vehicle. While the co-defendants properly point out that the plaintiff alleges United Rentals is liable for Jackson's negligence under a theory of respondeat superior and/or vicarious liability, that allegation does not preclude the plaintiff from successfully bringing negligence claims against Jackson for a

breach of personal duty. See id.[3] Therefore, the Court concludes the defendants failed to meet the "heavy burden" to establish that Cedric Jackson was improperly joined. The Court next turns to whether removal to this Court is precluded by of lack of complete diversity.

### III.

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant. See 28 U.S.C. § 1332; Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 572 (5th Cir. 2004).

28 U.S.C. 1332(a)(1) provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

Under 28 U.S.C. § 1441 (b)(2), which is titled "removal based on diversity of citizenship," a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest

---

[3] At this time the Court need not consider the merits of these negligence claims against Cedric Jackson. The mere existence of the cause of action is enough for the Court to determine there was no improper joinder at this point in the proceedings.

properly joined and served as defendants is a citizen of the state in which such action is brought.

## IV.

"Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004)). Here, the plaintiff is a Louisiana citizen and one of the defendants, Cedric Jackson, is also a citizen of Louisiana.

The defendant, in removing the suit to federal court, apparently relied on the effect of non-service as to defendants Cedric Jackson and Progressive Casualty Insurance Company. "As to the effect of non-service on removability of a suit, the Supreme Court stated in Pullman Co. v. Jenkins, 305 U.S. 534 (1939):

> [W]here a non-separable controversy involves a resident defendant [], the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant[.] [I]t may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected.

Handy v. Owens Corning Corp., No. CIV.A. 15-755, 2015 WL 3447206, at *2 (E.D. La. May 28, 2015) (quoting Pullman, 305 U.S. at 541) (citations omitted). "Thus, '[t]he law is clear that the

8

citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdiction basis for removal . . . under 28 U.S.C. § 1441.'" Handy, 2015 WL 3447206, at *2 (quoting Ott v. Consolidated Freightways Corp. of Delaware, 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002)). To further clarify, courts reiterate that "'an action based on state law cannot be removed to federal district court if any nondiverse defendant is joined in the complaint, even if the nondiverse defendant was never served.'" Ott, 213 F. Supp. 2d at 664 (quoting Worthy v. Schering Corp., 607 F. Supp. 653, 655 (E.D.N.Y. 1985)); see also Handy, 2015 WL 3447206, at *2. Therefore, the law is abundantly clear that a non-resident cannot seize an opportunity to remove a case to federal court before a resident co-defendant is served. Ultimately, when complete diversity does not exist, the question of whether all defendants were served is never reached. See Burke v. Humana Ins. Co., 932 F. Supp. 274, 275-76 (M.D. Ala. 1996).

Cedric Jackson, the driver of one of the automobiles in the accident, is a resident of Louisiana. The plaintiff is a resident of Louisiana. Therefore, complete diversity does not exist in the lawsuit before the Court. If there is not complete diversity, the Court need not reach the question of service for purposes of the

forum defendant rule in 1441(b).[4] Additionally, the Court does not address the merits of whether the defendant meets the burden of proving the amount in controversy exceeds $75,000 because complete diversity is patently absent.

    Accordingly, IT IS ORDERED that the plaintiff's motion to remand state court is hereby GRANTED and pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the proper civil district court in Louisiana.

    New Orleans, Louisiana, December 7, 2016

    _____
    MARTIN L. C. FELDMAN
    UNITED STATES DISTRICT JUDGE

---

[4] The forum defendant rule in § 1441(b) "does not expand removal jurisdiction to allow removal where complete diversity exists between all served defendants, regardless of the citizenship of unserved defendants. On the contrary, § 1441(b) is a further limitation on removal jurisdiction, insofar as an action in which there exists complete diversity of citizenship is still not removable if a defendant is a citizen of the state in which the action was originally brought." Zaini v. Shell Oil Co., 853 F. Supp. 960, 963 (S.D. Tex. 1994).